# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-7115**

**September Term, 2024**

**1:23-cv-02013-CKK**

**Filed On:** March 14, 2025

Patricia L. Baker,

      Appellant

    v.

Google LLC,

      Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Childs, Pan, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's July 26, 2024 order be affirmed on the ground that appellant's complaint failed to state a claim.  Appellant failed to allege sufficient facts to state plausible claims for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To start, the documents attached to appellant's complaint show that appellee disabled her Google account due to the alleged presence of offending content on her YouTube channel, not in her Gmail account.  This calls into question the factual premise of each of appellant's claims.  See Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004) (observing that, at the pleadings stage, a court need not accept as true allegations that "contradict exhibits to the complaint").  In any event, appellant's claims fail on their own terms.

First, the district court correctly concluded that appellant did not adequately plead a claim for breach of contract.  Under California law, which appellant does not dispute applies in this case, appellant did not sufficiently allege that appellee was contractually precluded from disabling her Gmail account.  See McKell v. Wash. Mut., Inc., 49 Cal. Rptr. 3d 227, 253 (Cal. Ct. App. 2006) (observing that a plaintiff must identify the relevant terms of the contract, or at least allege the substance of those terms); Frances T. v. Village Green Owners Ass'n, 723 P.2d 573, 586 (Cal. 1986)

(affirming dismissal of breach-of-contract claim where plaintiff did "not allege that any provision in any of the writings imposed such an obligation on defendant").  Appellant's theory on appeal that appellee breached its terms of service by disabling her account without first proving that she had violated the terms of service is forfeited because appellant did not press that theory in district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017).

Second, the district court correctly concluded that appellant's complaint did not adequately plead claims for fraud or intentional infliction of emotional distress.  See Lazar v. Superior Court, 909 P.2d 981, 984 (Cal. 1996) (listing the elements of a fraud claim); Hughes v. Pair, 209 P.3d 963, 976 (Cal. 2009) (same for intentional infliction of emotional distress).

Third, appellant does not address the district court's conclusion that appellee is not a government actor and therefore cannot be held liable for alleged constitutional violations.  Consequently, appellant has forfeited any challenge to that conclusion.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Appellant's remaining arguments on appeal show no error in the district court's conclusion that her complaint failed to state a claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**